# EXHIBIT A

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY**
**CIVIL DIVISION**

|  |  |
|---|---|
| **Plaintiff** | YARESLAW LUCIW |
| vs. | |
| | CONAGRA BRANDS, INC. |
| | and |
| **Defendant** | WALMART, INC. |

No._

Case #: 2024-03460-0020    13828509
Main (Public)
Code: 15        Judge:44
Rcpt: Z2871414  12/23/2024 9:32:32 AM

**Form of Action**

**Complaint**

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Bucks County Bar Association
135 East State Street
Doylestown, PA 18901
Phone (215) 348-9413, 1-800-479-8585
www.bucksbar.org

PA Bar Association: www.pabar.org

Robert S. Lucarini

Attorney for_____Plaintiff_____

Attorney I.D. #_____12989_____
Please type or print name and address

985 Hickory Drive

Blue Bell, PA 19422

AMOUNT IN CONTROVERSY
EXCEEDS $50,000.00
Jury Trial Demanded

ROBERT S. LUCARINI, ESQUIRE
I.D. No.  12989
985 Hickory Drive
Blue Bell, PA 19422

_____

YARESLAW LUCIW
859 Hostman Drive
Warminster, PA 18974

                    Plaintiff

          v.

CONAGRA BRANDS, INC.
222 W. Merchandise Mart Plaza
Suite 1300
Chicago, IL 60654
                    Defendant

          and

WALMART, INC.
100 E. Street Road
Warminster, PA 18974
                    Defendant

BUCKS COUNTY
COURT OF COMMON PLEAS

No.  2024-03460



Case #: 2024-03460-0020    13828509
Main (Public)
Code: 15        Judge:44
Rcpt Z2871414  12/23/2024 9:32:32 AM

AMENDED COMPLAINT

Count I

YARESLAW LUCIW v. CONAGRA BRANDS, INC.

1. Plaintiff is an individual who resides at 859 Hostman Drive, Warminster, PA 18974.

2. Defendant, Conagra Brands, Inc., is a corporation with an office at 222 W. Merchandise Mart Plaza, Chicago, IL 60654.

3. Defendant, Walmart, Inc., is a corporation with a distribution center at 100 E. Street Road, Warminster, PA 18974.

4. Defendant, Conagra Brands,Inc., is in the business of preparing and processing food products that they put into the stream of commerce for the sale to and consumption by members of the general public.

5. One of the brands owned, controlled and produced by Conagra Brands,Inc.is the Marie Callender's Beef Pot Pie, hereinafter referred to as the "Pot Pie".

6. In preparing and producing the "P0t Pie", Conagra Brands,Inc. uses pieces of beef roughly about three quarters of an inch square by one quarter inch thick and they pre-cook this beef in either a continuous fryer or a continuous oven.

7. After cooking the pieces of beef, Conagra Brands,Inc. Inserts the beef into the filling of the "Pot Pie".

8. On June 5,2023, Defendant, Walmart,Inc., made available for sale the Marie Callender"s Beef Pot Pie.

9. On June 5,2023, the Plaintiff purchased the "Pot Pie" from Defendant, Walmart,Inc.

10. On June 10,2023, the Plaintiff intended to consume the "Pot Pie".

11. On June 10,2023, the Plaintiff followe4d the microwave heating directions and waiting period displayed on the "Pot Pie" package..

12. During the process of consuming the "Pot Pie", the Plaintiff chewed down onto an item which he assumed was a beef cube contained in the filling of the "Pot Pie".

13. AS later determined, the item that the Plaintiff chewed down on was a piece of beef but it had been transformed into a hard as a rock condition.

14. Upon chewing down onto this hard piece of beef, the Plaintiff's teeth were broken and damaged and he sustained injury to his mouth all of which caused great pain and suffering..

15. After the Plaintiff's teeth were damaged and his mouth was injured, notice was given to both defendants regarding the circumstances of the purchase and consumption of the "Pot Pie" and the injuries to the Plaintiff.

16. Defendant, Conagra Brands,Inc., requested that the hard object in question be sent to their laboratory for testing and analyses.

17. The Plaintiff complied with the request and forwarded the object in question to the Conagra Brands,Inc. Laboratory.

18. On March 19,2024, the Plaintiff received the lab results from Defendant, Conagra Brands Inc., regarding the hard object contained in the "Pot Pie".

19. The Lab Consumer Summary sent by the Defendant, Conagra Brands,Inc., concluded that the hard object contained in the "Pot Pie" was a "burned product cubed beef.

20. The Summary also indicated that the meat cube likely became brown, burnt and hardened from overcooking.

21. The Summary also concluded that human saliva was detected on the burnt cube of beef.

COUNT I

YARESLAW LUCIW V> CONAGRA BRANDS<INC.

STRICT PRODUCTS LIABILITY DUE TO MANUFACTURING DEFECT

22. The Plaintiff incorporates paragraphs 1 through 21 just as fully as if they were set forth here at length.

23. Under Pennsylvania Products Liability Law, a company that places a product in the steam of commerce or sells a product in a defective condition to the user or consumer is subject to liability for physical harm caused to the consumer as a result of the defective product.

24. There are three types of product defects that could result in strict liability on the part of the companies that are manufacturing or selling the defective product and they are design defect; manufacturing defect and failure to warn defect.

25. A beef pot pie with a hard as a rock beef cube contained in the filling of the pot pie is a defective product.

26. The Defendant, Conagra Brands,Inc., produced the "Pot Pie" containing the hard beef cube and placed the defected product into the stream of commerce for sale to the public and therefore they are liable for the harm sustained by the Plaintiff caused by this defected product.

27. As a result of the actions of the Defendant, Conagra Brands,Inc., resulting in products liability, the Plaintiff has suffered great pain and mental anguish some or all of which being permanent in nature.

WHEREFORE, the Plaintiff demands judgment in his favor and against the Defendant, Conagra Brands,Inc., for a sum not to exceed $50,000.00.

## COUNT I

## YARESLAW LUCIW  V. CONAGRA BRANDS,INC.

## STRICT PRODUCTS LIABILITY DUE TO FAILURE TO WARN DEFECT

28. The Plaintiff incorporates paragraphs 1 through 24 just as fully as if they were set forth forth here at length.

29. Defendant, Conagra Brands,Inc., is strictly liable in this matter for failure to warn The consumer of the "Pot Pie" of a dangerous situation that could develope during the heating or cooking process of the "Pot Pie".

.30. The Conaqgra Brands,Inc. Lab Summary, discussed herein, concluded that the hardened beef cube was made hard by overcooking and rendered an opinion that it was overcooking by the Plaintiff ignoring the cooking process done by the Defendant, Conagra Brands,Inc.

31. Defendant, Conagra Brands,Inc., knew that overcooking the "Pot Pie", with cube of beef in the filling, could transform that beef cube and make it as hard as a rock thereby presenting a hazardous and dangerous condition for the consumer.

32. The fact that a beef cube inside of a pot pie could be transformed into a hard object from overcooking,was not commonly known by the general public or the Plaintiff.

33. Having this knowledge and understanding, Defendant,I Conagra Brands,Inc., had a duty to warn consumers of the dangers of overcooking the "Pot Pie".

34. No where on the package containing the "Pot Pie" is there a waning regarding The dangers from overcooking the "Pot Pie" thereby placing strict products liability on Defendant, Conagra Brands,Inc., for failure to warn defect.

35. As a result of the actions of the Defendant, Conagra Brands,Inc., resulting In products liability, the Plaintiff has suffered great and mental anguish some, or all of which being permanent in nature.

WHEREFORE, the Plaintiff demands judgment in his favor and against the Defendant, Conagra Brands,Inc., for a sum not to exceed $50,000.00.

## COUNT II

### YARESLAW LUCIW  V.  WALMART, INC.

36. The Plaintiff hereby incorporates paragraphs 1 through 24 just as fully as if they were set forth here at length.

COUNT II

YARESLAW LUCIW V. WALMART INC.

STRICT PRODUCTS LIABILITY DUE TO MANUFACTURING DEFECT

37. The Defendant, Walmart Inc., sold the defected "Pot Pie" to the Plaintiff and they are strictly liable for the harm resulting to the Plaintiff caused by the defected "P_ot Pie".

38. As a result of the actions of the Defendant, Walmart Inc., resulting in products liability, the Plaintiff has suffered great pain and mental anguish some or all of which being permanent.

WHEREFORE, the Plaintiff demands judgment in his favor and against the Defendant, Walmart,Inc., for a sum not exceed $50,000.00.

COUNT II

YARESLAW LUCIW V. WALMART,INC.

STRICT PRODUCTS LIABILITY DUE TO FAILURE TO WARN DEFECT

39. The Plaintiff incorporates paragraphs 1 through 24 and paragraphs 30 through 33.

40. Having knowledge that a cube of beef in the filling of the "Pot Pie" could be transformed into a dangerous and hazardous hard object, the Defendant, Walmart Inc., had a duty to warn consumers of this danger.

41. No where on the package containing the "Pot Pie" is there a warning regarding the dangers from overcooking the "Pot Pie" and therefore the Defendant, Walmart,Inc., breached its duty to warn making them liable for the harm caused to the Plaintiff.

42. As a result of the actions of the Defendant, Walmart Inc., resulting in products liability, the Plaintiff has suffered great pain and mental anguish some or all of which being permanent in nature.

WHEREFORE< the Plaintiff demands judgment in his favor and against the

Defendant, Walmart Inc., for a sum not in excess of $50,000.00.

Robert S. Lucarini,Esq.
Attorney for the Plaintiff

# VERIFICATION

I, ROBERT S. LUCARINI, ESQUIRE, verify that I am counsel for the Plaintiff, Yaqreslaw Luciw, and that I am authorized to make this affidavit on behalf of said plaintiff and that the facts set forth in this Complaint are true and correct to the best of my knowledge, information and belief; and

That this verification is made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsifications to authorities.

DATE: 12/6/2024

_____

ROBERT S> LUCARINI<ESQUIRE

VERIFICATION

COMMONWEALTH OF PENNSYLVANIA

VERIFICATION

I, Yareslaw Luciw, verify that I am the plaintiff in the above matter; that the facts set forth in this Complaint are true and correct to the best of my knowledge, information and belief; and that this verification is made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

DATED: 12/6/2024

Yareslaw Luciw

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>Robert S. Lucarini, Esq.</u>

Signature: *Robert A Lucarini*

Name: <u>Robert S. Lucarini, Esq,</u>

Attorney No. (if applicable): <u>12989</u>

Rev. 09/2017

# CERTIFICATE OF SERVICE

Docket Number: _____2024-03460_____

**Plaintiff:**

YARESLAW LUCIW

_____

_____

_____

**Defendant:**

CONAGRA BRANDS, INC.

_____

Walmart, Inc.

_____

_____

The below-signed individual herby certifies that the filing to which this certificate is attached was served upon the following individuals in accordance with the Pennsylvania Rules of Civil Procedure at the address and on the date indicated below:

Ariel McKeever, Esq.
_____

Jeffrey Quinn, Esq,
_____

_____1650 Arch Street, Suite 2119_____

_____Phila., PA 19103_____

_____

Signed: _Robert S Lucarini_

Robert S. Lucarini, Esq.
Attorney for the Plaintiff

Date: _____12/19/2024_____